UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BENNETT DIERCKMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ANTHONY JOHNSON, individually, and in his official capacity as an Officer of the Indianapolis Metropolitan Police Department, | ) ) ) ) ) ) CASE NO. 1:22-cv-2424 |
| | ) |
| JANE POE, individually, and in her official capacity as a Corrections Officer for the Marion County Sheriff's Department, | ) ) ) ) |
| | ) |
| and | ) |
| | ) |
| KERRY FORESTAL, in his official capacity as SHERIFF OF MARION COUNTY, INDIANA, | ) ) ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff Bennett Dierckman, by counsel, files his Complaint and Jury Trial Demand against Defendants Anthony Johnson, individually, and in his official capacity as an Officer of the Indianapolis Metropolitan Police Department, Jane Poe, individually, and in her official capacity as a Corrections Officer of the Marion County Sheriff's Department, and Kerry Forestal, in his official capacity as Sheriff of Marion County, Indiana, for depriving Plaintiff of rights secured under the Constitution and laws of the United States under color of state law, pursuant to 42 U.S.C. § 1983.

### I. Parties, Jurisdiction and Venue

1. Plaintiff Bennett Dierckman ("Dierckman"), is a citizen of the United States and, at

all times relevant to this action, resided in Hamilton County, Indiana, within the geographical boundaries of the Southern District of Indiana.

2. Defendant Anthony Johnson ("Johnson"), at all relevant times, was a sworn police officer of the Indianapolis Metropolitan Police Department ("IMPD"), and was exercising authority conferred on him by the State of Indiana.

3. Defendant Jane Poe ("Poe"), at all relevant times, was a Corrections Officer in the Marion County Sheriff's Department ("MCSD"), and was exercising authority conferred on her by the State of Indiana.

4. Defendant Kerry Forestal ("Forestal"), at all relevant times, was the elected Sheriff of Marion County, Indiana, and was exercising authority conferred on him by the State of Indiana.

5. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 42 U.S.C. § 1983.

6. All events giving rise to this action occurred in within the geographic boundaries of the Southern District of Indiana, making venue proper in this Court.

## II. Factual Allegations

7. On the night of July 23 and 24, 2021, Dierckman, who is 27 years old, was clubbing in Broad Ripple with his 27-year-old girlfriend, and two other young women in their early twenties.

8. As the four young people were in line waiting to enter the Rock Lobster club, Dierckman observed Johnson, who appeared to be acting as club security for the Rock Lobster, staring lasciviously at the three women who were with him.

9. After showing his driver's license to the club staff at the door, as he passed Johnson while entering the club, Dierckman placed his hand on his crotch outside his pants, and gave Johnson a nod.

10. At approximately 12:10 a.m., after Dierckman and his companions had entered the club, Dierckman, who was kissing his girlfriend, again observed Johnson ogling his girlfriend's derriere, and repeated his earlier gesture.

11. Johnson then came up to Dierckman, grabbed him by the arms, and forced Dierckman to leave the club.

12. At no time had Dierckman been *asked* to leave the club, or been escorted out of the club by the bouncers.

13. Once outside, Johnson told Dierckman he was under arrest for Trespassing, Disorderly Conduct, and Public Intoxication.

14. Dierckman was placed in a police car with the windows rolled up, and with the air conditioning shut off.

15. The temperature in the car was extremely high, and Dierckman did everything he could to attract Johnson's attention so he would open the windows or turn the air conditioning on, including banging his head against the window.

16. Additionally, Johnson handcuffed Dierckman extremely tightly, causing Dierckman to feel an "electricity" feeling in his wrists, as well as lacerations and abrasions on his wrists.

17. While he was in the police car, Dierckman was able to get his cell phone out and call his father.

18. When Johnson observed Dierckman on his cell phone, Johnson grabbed the phone and spoke to Dierckman's father.

19. Shortly thereafter, Johnson opened a window on the police car, allowing some fresh air to enter.

20. Eventually, Dierckman was placed in a jail wagon, driven by Poe, for transport to

Marion County Jail 2 ("MCJ 2")intake on Alabama Street.

21. Dierckman blacked out at some point during his transport, because the next thing he remembers is Poe throwing him forcefully to the ground on his face after arriving at MCJ 2.

22. At that time, Poe *self-identified* herslef to Dierckman as "a lesbian," and threw Dierckman to the floor.

23. Poe then humiliated Dierkman by stating that he "like[d] showing [his] junk to little girls," calling Dierckman a pedophile, and announcing loudly that Dierckman was "from Carmel" – all within earshot of all the other prisoners in the holding cell.

24. At no time did Dierckman resist Poe.

25. Dierckman suffered numbness and abrasions to his face and hands when Poe threw him to the ground, and because he had been handcuffed too tightly.

26. Moreover, Dierckman was in a confined and unsanitary cell while he was bleeding from open injuries to his face and hands, and was given nothing – not even toilet paper – to cover his wounds.

27. Additionally, Dierckman was forced to literally suck water out of the only "working" drinking fountain in the cell because the fountain had insufficient pressure to clear the lip of the spout.

28. Dierckman was ultimately released from MCJ 2 at 3:50 p.m. on July 24, 2022.

29. The charges against Dierckman were dismissed when he accepted a diversion agreement on June 24, 2022.

### III. Legal Allegations

**Count One: Deprivation of Rights Under Color of State Law
by Johnson (42 U.S.C. § 1983)**

30. Plaintiff restates each and every allegation in the preceding paragraphs as though fully

set forth herein.

31. By arresting Dierckman without a warrant and without probable cause, Johnson deprived Dierckman of his right to be free from unreasonable seizure, as protected by the Fourth Amendment.

32. Johnson's actions were taken under color of state law, in that, at the time of the actions, Johnson was a sworn police officer with the Indianapolis Metropolitan Police Department.

33. Johnson's actions were intentional, willful, and in reckless disregard for Dierckman's rights.

34. As a direct and proximate result of Johnson's unlawful actions, Dierckman suffered, and continues to suffer, damages, including but not limited to, physical and mental pain and suffering, emotional distress, humiliation, embarrassment, damage to reputation, and attorney fees.

### Count Two: Deprivation of Rights Under Color of State Law by Poe (42 U.S.C. § 1983)

35. Plaintiff restates each and every allegation in the preceding paragraphs as though fully set forth herein.

36. By throwing Dierckman to the ground when Dierckman was clearly not resisting, and by labeling Dierckman as a pedophile in the presence of other prisoners, Poe used excessive and unreasonable force.

37. Poe's actions deprived Dierckman of his right to be free from unreasonable seizure, as protected by the Fourth Amendment.

38. Poe's actions were taken under color of state law, in that, at the time of the actions, she was a Corrections Officer with the Marion County Sheriff's Department.

39. Poe's actions were intentional, willful, and in reckless disregard for Dierckman's rights.

40. As a direct and proximate result of Poe's unlawful actions, Dierckman suffered, and continues to suffer, damages, including but not limited to, physical and mental pain and suffering, emotional distress, humiliation, embarrassment, damage to reputation, and attorney fees.

### Count Three: Deprivation of Rights Under Color of State Law
### by Forestal (42 U.S.C. § 1983)

41. Plaintiff restates each and every allegation in the preceding paragraphs as though fully set forth herein.

42. Forestal is charged, by law, to "take care of the county jail and the prisoners there." Ind. Code 36-2-13-5.

43. Moreover, Forestal has a duty to take reasonable precautions to preserve the life, health, and safety of the prisoners in his custody. *Johnson v. Bender*, 369 N.E.2d 936, 939 (Ind. Ct. App. 1977).

44. By subjecting Dierckman to incarceration under crowded, unsanitary conditions, without providing Dierckman with any means of treating or covering his injuries, by failing to provide adequate medical treatment, and by providing a single drinking fountain which required the prisoners literally to suck on the water outlet, Forestal failed to take reasonable precautions to care for the health and safety of the prisoners in his custody.

45. Forestal's failure deprived Dierckman (and other inmates) of his right to be free from cruel and unusual punishment, as protected by the Eight Amendment.

46. As a direct and proximate result of Defendant's unlawful actions, Plaintiff suffered, and continues to suffer, damages, including but not limited to, physical and mental pain and suffering, emotional distress, humiliation, embarrassment, damage to reputation, and attorney fees.

### IV. Relief Requested

WHEREFORE, Plaintiff Bennett Dierckman, by counsel, asks the Court to return a verdict

in his favor, and against the Defendants, on all counts, and to provide the Plaintiff with the following relief:

47. Order the Defendants, jointly and severally, to pay Plaintiff's actual damages;

48. Order the Defendants, jointly and severally, to pay Plaintiff compensatory damages for the physical and mental pain and suffering, emotional distress, humiliation, embarrassment, and damage to reputation caused by Defendants' actions;

49. Order the individual Defendants, jointly and severally, to pay Plaintiff punitive damages for their wilful, reckless and malicious actions;

50. Order the Defendants, jointly and severally, to pay pre- and post-judgment interest on all sums awarded;

51. Order the Defendants, jointly and severally, to pay his reasonable attorney fees and costs of litigating this action.

52. Order the Defendants, jointly and severally, to provide any and all other relief to which the Plaintiff may be entitled.

### V. Jury Trial Demand

Plaintiff Bennett Dierckman, by counsel, demands a trial by jury on all issues so triable.

Respectfully submitted,

_s/ Jay Meisenhelder_
Jay Meisenhelder, Atty No. 19996-49
JAY MEISENHELDER EMPLOYMENT
& CIVIL RIGHTS LEGAL SERVICES, P.C.
650 North Girls School Road, Suite D40
Indianapolis, IN 46214
Office Telephone: 317/231-5193
Direct Telephone: 317/899-9220
Facsimile Number: 317/982-5463
Email Address: jaym@ecrls.com